IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | |
|---|---|
| ROGER ELLIOTT, )<br>)<br>Plaintiff, )<br>)<br>)<br>)<br>CHAIRMAN OF THE UNITED STATES )<br>MERIT SYSTEMS PROTECTION )<br>BOARD, )<br>)<br>Defendant. ) | NO. 2:05-0115<br>JUDGE HAYNES |

## MEMORANDUM

Plaintiff, Robert Elliott, filed this action under 28 U.S.C. § 1331, the federal question statute and 28 U.S.C. § 1391, the federal venue statute against the Defendant, Chairman of the United States Merit Systems Protection Board ("MSPB"). Plaintiff asserts claims that the Defendant is publishing false statements or refusing to halt publication of such statements by the Federal Deposit Insurance Compensation ("FDIC") about the reasons for his termination, i.e., false statements that Plaintiff made threatening remarks and falsification of documents. Plaintiff's claims are for violations of the equal protection and due process rights under the Fifth Amendment and his liberty interest thereunder.

Before the Court is the Defendant's motion to dismiss (Docket Entry No. 9) contending, in sum: (1) that any claim against the Defendant must be exhausted under Civil Service Reform Act ("CSRA"); (2) that based upon Plaintiff's prior unsuccessful litigation about his termination, the res judicata doctrine bars this action; (3) that Plaintiff's assertions of fraud, libel and misrepresentation are not actionable under the CSRA that preempts the Federal Torts Claim Act. The Defendant attaches to his motion, the procedural history of Plaintiff's prior proceedings. See Docket Entry No.

11 and Attachment thereto.

Plaintiff responds that under 5 U.S.C. § 552a(g)(1), the Court can enjoin the Defendant from publication of false statements and can entertain a collateral attack on the MSPB's decision. (Docket Entry No. 14). Plaintiff, however, also seeks damages.

## A. Analysis of the Motion

In 1986, the Department of the Army removed Plaintiff from his position as a computer specialist. (Docket Entry No. 17, Roberts Declaration p. 3). Plaintiff appealed that decision to MSPB and after a hearing, an Administrative Law Judge ("ALJ") upheld the Army's action. Id. Plaintiff petitioned the full Board to review, but the Board denied his petition. Id. Plaintiff then appealed the Board's final decision to the Federal Circuit that affirmed the Board's final order.

> The final decision of the Merit Systems Protection Board (board), issued on June 5, 1986, affirmed the removal of Roger Elliott (petitioner) from his position of computer specialist with the Department of the Army. Five specifications of impertinent and defiant behavior charged by the Army were sustained by the board. Coupled with a prior disciplinary record, the sustained charges were found to reveal a continuing insolent, insubordinate attitude toward supervision such that the removal would promote the efficiency of the service. We *affirm*.

Roger Elliott v. Department the Army, 1987 WL 37452 (Fed. Cir. Apr. 28, 1987). Plaintiff review of this decision.

In February, 1991, the Federal Deposit Insurance Corporation ("FDIC") hired Plaintiff. (Docket Entry No. 11, Roberts Declaration at p. 2). In his application, Plaintiff submitted a Standard Form 171 (SF 171) Application for Federal Employment reflecting that he was an independent contractor from January of 1981 until May 1987 and denied that he had ever been fired from any job during the previous ten (10) years. Id.

On June 14, 1999, the FDIC removed Plaintiff from his job, citing his falsification of official

2

documents and false statements on his SF-171, inappropriate or disrespectful conduct, failure to follow instructions, and absence without leave. Plaintiff appealed that decision to the MSPB. After a hearing, an ALJ affirmed the agency's action. Id. pp. 1-9. ALJ, however, also found that the agency failed to establish certain charges relating to falsification of official documents, failure to follow instructions and absence without leave. Id. at pp. 2, 7 and 8.

Plaintiff then filed a petition for review by the full Board, but the Board denied the petition for review. Id. Plaintiff filed a petition in the Federal Circuit to review the Board's final decision, but the Federal Circuit dismissed the petition at Plaintiff's request in an unpublished order. Elliott v. Federal Deposit Ins. Corp. Fed. Cir. No. 00-3436 (Fed. Cir. 2000) an Order of dismissal.

Plaintiff then filed an action in the United States District court for the Eastern District of Virginia to appeal the Board's final decision. Elliott v. Federal Deposit Ins. Corp., No. CA-00-1553 (E.D. Va. May 11, 2001), aff'd, No. 01-1771, slip op. (4th Cir. Oct. 17, 2001). After reviewing the administrative record, the district court dismissed the appeal and found substantial evidence to support the MSPB's findings that the Plaintiff had falsified official documents and engaged in inappropriate or disrespectful conduct. Id. The district court also determined that the Board's decision was neither arbitrary and capricious, nor an abuse of discretion. Id. The court rejected plaintiff's challenge to the agency sanction and his claim of reprisal for whistle-blowing. Id. As to plaintiff's discrimination, the district court ruled that plaintiff could not establish a prima facie case nor demonstrate the defendant's proffered reasons to be pretextual. Id. The court did not find any basis in the record to support plaintiff's claim that he was performing adequately at the time of his dismissal or that he was the victim of unlawful discrimination. Id. The district court's decision was affirmed by the Fourth Circuit. Id.

Plaintiff filed another action against the FDIC in the United States District Court for the

3

District of Columbia. Elliott v. Federal Deposit Ins. Corp., 305 F.Supp.2d 79, 82 (D.D.C. 2004). Under 5 U.S.C. § 706, 28 U.S.C. § 1361 and 42 U.S.C. § 1983, Plaintiff asserted claims of impoverishment and stigmation by FDIC due to the FDIC's wrongful termination of him. Id. at 81. The FDIC sought dismissal under the res judicate doctrine, contending that Plaintiff's claims had been litigated in the Eastern District of Virginia. Id. The FDIC also argued that the Plaintiff's § 1983 claim failed because FDIC did not act under color of state law and that the Plaintiff's claim for mandamus was meritless. Id.

The District Court summarized the plaintiff's claims and its legal reasoning in dismissing those claims as follows:

> Again proceeding pro se, plaintiff has now filed in this Court a complaint against the FDIC seeking relief from defendants' destruction of "his ability to obtain employment," and the injustice resulting from defendants' stigmatizing him with misrepresentations, to potential employers . . ." (Plaintiff's Opp. At 2-3). Essentially, plaintiff argues that the terms of his dismissal "Inappropriate or Disrespectful Conduct" and "Falsification of Official Federal Government Documents" -were not proper grounds for his termination, and that his subsequent inability to obtain employment is an unjust result of these improper dismissal terms that must be remedied. (See Plaintiff's Opp. At 2-4). Given the fact that final judgment was entered in the earlier case validating the grounds for plaintiff's dismissal, plaintiff is precluded by the doctrines of res judicata and collateral estoppel from relitigating this matter. Further, plaintiff's § 1983 claim lack merit, and mandamus is not an available remedy.

Id. at 82.

On March 28, 2005, the Plaintiff requested the MSPB to reconsider his appeal. In a letter dated May 9, 2005, MSPB denied the Plaintiff's request to reopen, citing its regulations that do not authorize any such reconsideration. (Docket Entry No. 11, Roberts Declaration at Appendix 6). In a May 17, 2005 letter to the Board, Plaintiff explained that he was making an administrative claim under the FTCA. Id. Appendix 7. On September 1, 2005, the Board denied the Plaintiff's claim. Id. at Appendix 8.

## B. Conclusions of Law

In actions under federal law, the judicial doctrines of res judicata and collateral estoppel have long been invoked to bar an action that is based upon legal claims and/or facts asserted in a prior federal action. The res judicata doctrine bars parties "from relitigating issues that were or could have been raised in that action." Allen v McCurry, 449 U.S. 90, 94 (1980). Under the collateral estoppel doctrine, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue on a different cause of action involving a party to the first case." Id. at 94 (citing Montana v. United States, 440 U.S. 147, 153 (1979)). Federal law on res judicata and collateral estoppel obtains if the prior action involved a federal claim. Allen, 449 U.S. at 94-95.

Here, the Court concludes that Plaintiff's claims have been adjudicated or could have been adjudicated in his multiple prior federal law actions. The Court notes that the East Virginia district court's decision involved claims that are strikingly similar to Plaintiff's claims here. Thus, the Court concludes that the Defendant's motion to dismiss should be granted on res judicata grounds.

An appropriate Order is filed herewith.

**ENTERED** this the 3rd day of February, 2006.

WILLIAM J. HAYNES, JR.
United States District Judge